### CHARLES ALEXANDER v. THE MAYOR AND COMMONALTY OF ALEXANDRIA.

ERROR to the circuit court of the district of Columbia, sitting at Alexandria, to reverse a judgment of that court rendered against the plaintiff in error *on motion,* for taxes due to the defendant in error for paving the streets in Alexandria.

*The corporation of Alexandria has power to tax the lots and lands of non-residents. It is not neces-*

ALEXANDER    A bill of exceptions stated that the plaintiff below
v.    produced and read to the court the following acts
MAYOR, &c.    of the general assembly of Virginia, viz. " An act
~~~~~    for incorporating the town of Alexandria in the
sary that the    county of Fairfax, and the town of Winchester in the
lots should be    county of Frederick," passed October 4th, 1779,
half-acre lots.    by which it is enacted that " The mayor, recorder,
Those taxes    aldermen and common councilmen shall have power
cannot be re-    to erect and repair work-houses, houses of correc-
covered by mo-    tion, and prisons and other public buildings for the
tion, unless in    benefit of the said town; and to make by-laws and
the case of a    ordinances for the regulation and good government
person holding    of the said town," not repugnant, &c. (" and to as-
land, who has    sess the *inhabitants* for the charge of repairing the
no other pro-    streets and highways,) to be observed and perform-
perty in the    ed by all manner of persons residing within the same,
town.    under reasonable penalties and forfeitures, to be levi-
ed by distress and sale of the goods of the offenders
for the public benefit of the said town."

Also the act of 1786, " To extend the limits of the
town of Alexandria," by which it is enacted that the
limits of that town " shall extend to and include as
well the lots formerly composing the said town as
those adjoining thereto which have been and are im-
proved."

Also the act of December 16th, 1796, " Concerning
the town of Alexandria," by which it is enacted " That
it shall and may be lawful for the mayor and com-
monalty of the town of Alexandria to recover of
and from all and every person or persons holding
land within the limits of the said town, *and who
have no other property within the said town on which
the taxes or assessments imposed on such property for
paving the streets therein can be levied,* the amount
of such taxes or assessments *by motion* in the court
of the county or corporation where such person or
persons reside; provided that such person or per-
sons have ten days' previous notice of such motion,
and the amount of the taxes or assessments due from
him, her or them. And provided also that nothing
herein contained shall be so construed as to empow-
er the court to give judgment against any person or
persons residing out of the limits of the corporation

of Alexandria, and owning ground therein, having
no house on. it, where the service (to compensate which the tax or assessment has been or may be imposed) has been or may be performed before the last day of February, 1797 ; but for the collection of such taxes, the same means may be used which would have been lawful before the passage of this act."

Also the act of 13th of December, 1796,".Adding to the town of Alexandria certain lots contiguous thereto, and for other purposes therein mentioned," the preamble of which recites, that " Whereas several additions of lots contiguous to the town of Alexandria have been laid off by the proprietors of. the land, in lots of half an acre each, extending to the north, to a range of lots upon the north side of a street called Montgomery ; upon the south, to the line of the district of Columbia ; upon the west, to a range of lots upon the west side of West street ; and upon the east, to the river Potomac ; that many of the lots in these additions have already been built upon, and many more will soon be improved ; and whereas it has been represented to the general assembly that the inhabitants, residing on the said lots, are not subject to the regulations made and established for the orderly government of the town, and for the preservation of the health of the inhabitants, by the prevention and removal of nuisances, upon which their prosperity and well being do very much depend,"

*Be it therefore enacted*, that each and every lot or part of a lot within the limits aforesaid, on which at this time is built a dwelling-house of at least sixteen feet square, or equal thereto in.size, with a brick or stone chimney, and that each and every lot within said limits which shall hereafter be built upon, shall be incorporated with the said town of Alexandria, and be considered as part thereof."

Also an act " Extending the jurisdiction of the mayor and commonalty of the town of Alexandria, and for other purposes," the preamble whereof recites, that " Whereas by an act of assembly passed in the year 1796, entitled, *an act adding to the town of Alexandria certain lots contiguous thereto, and for other purposes therein mention-*

ALEXANDER
v.
MAYOR, &c.

*ed*, it is enacted that certain improved lots, and all others as they become so improved, within the bounds in the said act mentioned, be added to, and made part of, the said town of Alexandria, thereby leaving out of the jurisdiction of the mayor and commonalty of the said town, the unimproved lots within the limits aforesaid, as long as they shall so remain unimproved; by which means the prosperity of the said town is in a great degree prevented,

SECT. 1. "*Be it therefore enacted*, That the unimproved lots within the limits aforesaid shall be and are hereby incorporated with and considered as a part of the said town of Alexandria, and subject to the same regulations as the other parts thereof.

SECT. 2. "The mayor and commonalty of the said town are hereby authorized and empowered, whenever they may deem it proper, to open, extend, regulate, pave and improve the streets of the said town; *provided, however*, that they shall make to every person or persons injured by the extension of any of the said streets, such compensation, out of the funds of the corporation, as to the said mayor and commonalty shall appear to be just."

The plaintiffs produced also the necessary by-laws and documents to show the regularity and amount of the assessment.

On the part of the defendant it was proved that he never was an inhabitant of the town of Alexandria—that the property assessed was not within the original limits of the town, but lies within the limits described by the act "Adding to the town of Alexandria certain lots contiguous thereto, and for other purposes."

It was not proved that the defendant had ever laid off any part of the property into lots of half an acre each, or in any other manner, or that he had ever built any dwelling-house thereon. But it was proved that always after the assessment the *defendant had personal property within the town, on which*

*the assessments could have been levied;* (but it did ALEXANDER not appear that the personal property had been on $\overset{v.}{\text{MAYOR, &c.}}$ any of the lots assessed;) and that the serjeant of the town informed the mayor and common council, that he could make distress on the defendant's personal property in the town of Alexandria, for the assessments.

The property assessed was part of a tract of land which the defendant holds in the neighbourhood of the town. The commissioner of the streets of the town had been directed by the mayor to make a plan of the town, and had applied to the defendant to know whether he did not wish to have the plan extended on his land which lay adjoining the town on the north, to which the defendant replied that he wished to have four streets and four ranges of squares laid off through his land; and being requested to name the streets, he called them Pendleton, Wythe, Madison and Montgomery, by which names they were designated on the plan; and the defendant had sold or let lots agreeably to the plan, and designated as bounded by those streets. Some of those streets were actually laid out, and the corners designated by stakes and stones at the request of individuals. On the plan the defendant did not designate any smaller quantity of ground than regular squares of two acres each, agreeably to the manner in which the town was laid off by the act for establishing the same.

The property assessed laid within the four new ranges of squares above mentioned, and the defendant had by several deeds sold and conveyed several squares and parcels of land less than two acres within those four ranges of squares.

*C. Simms*, for plaintiff in error, contended, 1st, That the land was not liable to be taxed until it was laid off into half-acre lots, and that it had never been so laid off, although it had been laid off into two acre squares.

2d. That the corporation had power to assess *inhabitants* only ; and,

ALEXANDER
v.
MAYOR, &c.

3d. That there cannot be a judgment upon motion, because there was always personal property of Mr. Alexander in the town which might have been distrained for the taxes.

*Swann*, contra.

The corporation has power to make all by-laws for the good government of the town, and not repugnant to the general laws of the state. This included the power to order and provide for the pavement of the streets, and to raise taxes for that purpose, by assessments on the persons and property within the town.

The acts of the 13th and 16th December, 1796, clearly recognise the power to tax the property of non-residents.

It was unnecessary to lay out the half-acre lots. The squares were regularly divided into four lots each by ideal lines.

The mode of collecting the taxes by distress and sale of personal property, was only a cumulative remedy. The corporation was not bound to resort to it. It was a more severe and harsh manner of proceeding than that by notice and motion, especially as the principal object of both parties was to try the right of the corporation to tax the property.

*February* 8.

MARSHALL, Ch. J. delivered the opinion of the court, as follows, viz.

In the proceedings in this cause two errors are assigned by the plaintiff.

1st. That the corporation had no power to assess the tax for which the judgment was rendered.

2d. That the judgment is irregular, because rendered on motion.

Both these points are to be decided by the several ALEXANDER
acts of the legislature of Virginia respecting the MAYOR, &c.
town of Alexandria.

In support of the first it is contended,

1st. That the corporation has no power to tax property not belonging to an inhabitant of the town; and Charles Alexander was not an inhabitant.

2d. That the property, on which this tax was assessed, was not within the corporation.

The words of the act of 1779, which is the first act shown to the court that confers the power of taxation, are these " The mayor, recorder, aldermen and common councilmen shall have power to erect and repair work-houses, houses of correction and prisons, or other public buildings, for the benefit of the said town; and to make by-laws and ordinances for the regulation and good government of the said town; provided such by-laws or ordinances shall not be repugnant to, or inconsistent with, the laws and constitution of this commonwealth, and to assess the inhabitants for the charge of repairing the streets and highways."

For the plaintiff it is contended that the power of taxation, here given, is, in terms, confined to assessments made on the inhabitants. On the part of the defendants it is urged that the express power to assess the inhabitants is for the sole purpose of improving their streets, and that an express power is also given to make expensive establishments, the means of erecting which could be furnished only by taxes; that the power to make by-laws must therefore necessarily be construed to involve the power of taxing, at least for these objects.

Without deciding this question as depending merely on the original law, it is to be observed that acts *in pari materia* are to be construed together as forming one act. If in a subsequent clause of the same act provisions are introduced, which show

the sense in which the legislature employed doubtful phrases previously used, that sense is to be adopted in construing those phrases. Consequently, if a subsequent act on the same subject affords complete demonstration of the legislative sense of its own language, the rule which has been stated, requiring that the subsequent should be incorporated into the foregoing act, is a direction to courts in expounding the provisions of the law.

The act of the 16th of December, 1796, contains this clause: " It shall and may be lawful for the mayor and commonalty of the town of Alexandria to recover, of and from all and every person or persons *holding land* within the limits of the said town, and who have no other property within the said town on which the taxes or assessments imposed on such property for paving the streets therein can be levied, the amount of such taxes or assessments, by motion in the court of the county or corporation where such person or persons reside."

This clause most obviously contemplates a full right to assess taxes on property lying within the town and belonging to non-residents; for it gives a right to recover such assessment in the court of any county or corporation in which the owner of such property may reside. It is either a legislative exposition of a power formerly granted, or the grant of a new power.

If the words of the enacting clause could admit of doubt, the proviso would remove that doubt. It is that the clause which has been recited should not " be so construed as to empower the court to give judgment against any person or persons, residing out of the limits of the corporation of Alexandria, and owning ground therein, having no house on it, where the service, to compensate which the tax or assessment has been or may be imposed, has been or may be performed before the last day of February, 1797; but for the collection of such tax the same means may be used which would have been lawful before the passage of this act."

This proviso shows, as clearly as words can show, the sense of the legislature in favour of taxing the land of non-residents.

The same act appears to the court to remove any doubt, which might otherwise exist, respecting the second branch of this question.

Upon a critical examination of the act of the 13th of December, 1796, the court would feel much difficulty in declaring that it comprehended in the corporation of Alexandria only that ground which was actually divided into half-acre lots, and the court would be the less inclined to take this distinction, because no inducement for making it is to be found in the nature of the thing, or could have existed with the legislature.

The preamble states the lots, represented as contiguous to the town of Alexandria, to have been laid off by the proprietors, in lots of half an acre each, within certain limits which are described by the law. The enacting clause drops the quantity of which a lot is to consist, and declares that every lot, or part of a lot, within the limits described, which had been or should be improved, should be made part of the town of Alexandria. The act of 1798 annexes to the town all the unimproved lots within those limits. The case finds that the property on which the tax for which the judgment is rendered was imposed, is within those limits, and was laid off as part of the town in squares of two acres, but these squares were not actually subdivided into half-acre lots.

The term half-acre used in the preamble of the act of 1796 is a description of a circumstance probably contained in the representation on which the law was founded. But it is impossible to consider that part of the representation as material to the law. If the squares were regularly laid out, the subdivisions of those squares were unimportant, for that subdivision would always depend on the caprice of purchasers and sellers. Lots and parts of lots might

ALEXANDER
v.
MAYOR, &c.

be separated, or annexed to each other, at will. The enacting clause, therefore, of the first act, comprehends every lot, or part of a lot, within the described limits, which had been or should be improved ; and the enacting clause of the act of 1798 comprehends every lot within those limits. That a square comprehended in those limits, laid off as part of the town, and containing precisely four half-acre lots, should be considered as excluded from the town, and not liable to taxation for the improvement of the streets, for the single reason that the proprietor had not marked thereon the lines of subdivision, would not be readily conceded.

But if a doubt respecting the sense of the legislature could otherwise be entertained, that doubt is removed by the act of the 16th of December, 1796, already recited, which particularly respects the power of taxation, and gives the remedy by motion.

That act drops the term "lot," and uses the term "land." It authorizes the corporation to recover by motion against any person "holding *land* within the *limits* of the town" "the taxes or assessments imposed thereon." The proviso, which has been also recited, uses the term "ground," and considers every person owning *ground* within those limits as liable to be taxed. The 3d section of the same act declares, "that when the proprietor of any lot of *ground* within the said town shall fail to fill up any pond of water, or remove any nuisance," as directed by the corporation, the mayor and commonalty may exercise corporate powers in the case. If the squares in question do not consist of lots, because the subdivisions have not been actually marked, yet they consist of *land*, they consist of *ground*, and being within the limits of the town, they are, in the opinion of the court, within the corporation, and subject to taxation.

But the remedy in the actual case is not by motion. The act affording this remedy gives it only in a specified case. It is given only in the case of "a person or persons holding land within the limits of

the said town, and who have no other property with-
in the said town." This is not, as has been said, a
direction to the officer of the corporation, but is a
description of the precise case in which alone the
remedy by motion is allowed. It being found that
Charles Alexander had property in the town from
which the officer could have levied the tax assessed
on him, a motion for that tax was not sustainable.
If the corporation did not choose to risk levying the
tax by seizure, they might have instituted a suit to
determine their right.

ALEXANDER
v
MAYOR, &c.

This court is unanimously of opinion, that the cir-
cuit court erred in giving judgment for the plaintiff
on motion, and therefore directs *that the said judg-
ment be reversed and annulled.*