St. Louis Southwestern Railway Co. of Texas v. J. L. Byas.

No. 2267.

**1. Railway Company—Public Road Crossing—Construction of Statutes.**

There is no substantial difference in the degree or extent of duty imposed upon a railway company by article 4170, Sayles' Civil Statutes, in making it the duty of such company, when crossing a public highway with its track, to restore the highway to its former state, "or to such state as not to unnecessarily impair its usefulness," and that imposed by article 4170b, requiring that every railroad company shall "place and keep that portion of its roadbed and right of way over or across which any public county road may run in proper condition for the use of the traveling public."

**2. Same.**

By "proper condition for the use of the traveling public," is meant simply a condition reasonably suitable for the ordinary public travel.

**3. Same—Charge of Court—Assumption of Fact.**

Upon an issue as to the condition of a public road crossing, a charge of court requiring the jury, in the event the crossing had not been placed in proper condition, to determine as a fact whether the failure to place it in "better condition than it was" was due to defendant's negligence, does not assume that the crossing had not been placed in proper condition.

**4. Same—Construction of Statute—Penalties Cumulative.**

The fact that article 4170b, Sayles' Civil Statutes, provides penalties and a method of procedure to enforce them, for neglect of a railway company with reference to public road crossings, does not relieve the company from the duty to the traveling public there imposed.

**5. Same—Evidence—Condition of Crossing.**

In an action against a railway company for damages resulting from the improper construction of a public crossing, evidence is not admissible to show that citizens living in the vicinity of the crossing had never complained to the road authorities of such crossing being improperly constructed, and that the county commissioner for that precinct had examined the crossing from time to time and reported to the Commissioners Court that it was of sufficient width and in proper condition.

Appeal from Tarrant. Tried below before Hon. W. D. Harris.

*N. H. Lassiter, Sam H. West,* and *Perkins, Gilbert & Perkins,* for appellant.—1. The duty imposed by law upon appellant was that it was required at the intersection of a public road to "restore the highway thus intersected to its former state, or to such state as not unnecessarily to impair its usefulness," and it was the duty of the court to so charge the jury. Railway v. Able, 72 Texas, 150; Railway v. Montgomery, 19 S. W. Rep., 1015.

2.   It is error for the court to assume the existence of a controverted fact in his charge to the jury and to exact a higher degree of care or duty than that which the law prescribes. 1 Sayles' Civ. Stats., art. 1317; Mayo v. Tudor, 74 Texas, 471; Johnson v. Railway, 2 Texas Civ. App., 141.

*Halsell, Parker & Harris*, for appellee.—1. The court did not err in not permitting defendant to prove that no citizen or officer had made any complaint of the condition of the crossing to the road overseer, the county commissioner for the precinct in which the alleged injury occurred, or the County Commissioners Court.   75 Texas, 632; 60 Texas, 142; 30 S. W. Rep., 369.

2.   The court did not err in its charge wherein it charged the jury that it was the duty of the defendant to put and keep the crossing of the public road over its track and right of way in proper condition, because if the same was in an improper condition, it was the duty of the defendant to make it in better condition than it was, that is, make it in better condition than it was in, while in an improper condition, and thereby put it in a proper condition for the use of the traveling public.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment for $800 recovered by appellee on account of personal injuries received by himself and wife on appellant's right of way and near a crossing of the Fort Worth and Grapevine road in Tarrant County.   They were traveling this road, which was a public county road, in a two-horse wagon, in the direction of the crossing, and when within twenty or thirty feet thereof the horses, becoming frightened at a fire on the opposite side of the railway track, suddenly jumped to one side, overturning the wagon and thereby producing the injuries complained of.

Seven or eight years before the accident appellant constructed its track across this road, which was then a good level road fifty or sixty feet wide. In order to enable the traveling public to cross the railway track, appellant threw up an embankment or dump across its right of way fifty or sixty feet long on each side of the track, with a gradual ascent to the level thereof, a height of five feet.   Where the wagon went off the dump was nine or ten feet wide and three or four feet high.

Appellee was familiar with the road and crossing, and thus describes the accident:   "The road I took to Grapevine the day of the accident is the only one I could take without going three or four miles out of my way.   At the time I first saw where the fire was, and at the time my horses first appeared to notice the smoke, I had then got my wagon up on the dump, and it was so narrow I could not have turned the wagon round and had to either stay there or try to drive on across the railway track; there was nothing to do but to stop or try to cross over.   The horses jumped off the dump so quick I had no time hardly to think." He testified that the horses he was driving were "good gentle horses."

The verdict is supported by the evidence in establishing the following conclusions of fact:

1. Appellant negligently failed to place and keep the road over its right of way at the place of the accident in a proper condition for the use of the traveling public.

2. This neglect of duty was the proximate cause of the injuries complained of, and the compensation awarded by the verdict was not excessive.

3. Appellee was free from contributory negligence.

*Opinion.*—Article 4170b of the Revised Statutes made it the duty of every railroad company in this State "to place and keep that portion of its road-bed and right of way over or across which any public county road may run in proper condition for the use of the traveling public," prescribing penalties and procedure to enforce them in case of failure to do so. Article 4170 gave every such company the right to construct its railway across any street or highway, but made it its duty to restore the highway to its former state, "or to such state as not to unnecessarily impair its usefulness."

The main contention of appellant seems to be that its duty in this case should have been measured by the latter instead of the former article. If there be any substantial difference in the degree or extent of duty imposd by the two articles, so far at least as this case is concerned, we fail to discover it. The obligation to restore the highway over which the railway was constructed "to such state as not to unnecessarily impair its usefulness" for purposes of travel would not have been met unless it had been placed in a "proper condition for the use of the traveling public."

By "proper condition for the use of the traveling public" was meant simply a condition reasonably suitable for the ordinary public travel. Whether the road in question had been placed and kept in that condition was properly submitted as an issue of fact to the jury. Railway v. Neill, 30 S. W. Rep., 369.

The court even went further, and required the jury, in the event the road had not been placed in proper condition, to determine as a fact whether the failure to place it in "better condition than it was" was due to negligence. It is contended that the phrase just quoted improperly assumed that it had not been placed in proper condition. We do not think so, especially in view of the context. If it assumed anything, it only assumed, which the undisputed evidence clearly warranted, that it had not been placed in the best condition. The charge did not require the jury to find that it should have been placed and kept in the best condition, but only in a condition proper or suitable for the use of travelers.

The fact that art. 4170b provided penalties and a method of procedure to enforce them did not relieve appellant from the duty there imposed to the traveling public, of which appellee and wife were a part. Indeed, this article seems applicable to this case rather than art. 4170,

because it applies to the public road on the right of way, as well as at the crossing, while art. 4170 in literal terms is limited to the crossing.

The charge also required the jury to find that the improper condition of the road caused the accident. The fire on the right of way, though alleged but not proven to have been caused by appellant, could have been nothing more than the occasion or at most a concurring cause of the accident. Bridge Co. v. Cortrell, 75 Texas, 625, 633.

The issue of contributory negligence was properly submitted. If a fuller charge was desired in that respect, it should have been requested. The charges requested were not correct.

These conclusions dispose of all the objections to the charge given, as well as to the refusal of charges requested

Appellant offered to prove by persons living near the crossing in question and familiar with the width of the road across the right of way, that its condition had never been reported by them either to the road overseer or the county commissioner for that precinct, and also to prove by this commissioner that he had examined said crossing from time to time, and had reported to the Commissioners' Court that it was of sufficient width and in proper condition. To the exclusion of this evidence error is assigned.

It seems to us that it was for the jury to determine from the facts of the case whether the condition of the road across the right of way was in all respects suitable for public travel. This depended mainly upon the height and width of the road, and not what view some of the neighbors and a county commissioner may have taken of the matter previous to the accident. As already seen, the statute made it the duty of the railway company to place and keep the road in suitable condition, and whether the county commissioners or road overseers had performed their duties in respect to county roads was an irrelevant inquiry. The evidence excluded should not have affected the result in this case.

Judgment affirmed.

*Affirmed.*

Delivered March 7, 1896.

Writ of error refused.