## TEXAS TRACTION CO. v. SHERRON.
### (No. 7146.)

(Court of Civil Appeals of Texas. Dallas. May 2, 1914. Rehearing Denied May 23, 1914.)

1. CARRIERS (§ 318*)—INJURY TO PASSENGER—UNSAFE FLAG STATION—NEGLIGENCE—EVIDENCE.

Evidence in an action for injury to one about to take passage on defendant's car at a flag station, at a highway crossing, through falling, because of the rough condition of the crossing, in front of the car, held sufficient to authorize a finding of negligence in not using proper care to keep the station premises in proper condition.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

2. CARRIERS (§ 318*)—INJURY TO PASSENGER—PROXIMATE CAUSE—EVIDENCE.

As respects the question whether such an accident should have been reasonably anticipated, evidence as to condition of the highway crossing, where a railroad had a flag station, held to authorize a finding that its negligence, in not having it in proper condition, was the proximate cause of injury to one waiting to take passage, who fell before an approaching car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

3. CARRIERS (§ 346*)—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence in an action for injury to one about to take passage at a railroad's flag station, at a highway crossing, by being hit by the car, having, when crossing in front of it, fallen, owing to the rough surface, held to authorize a finding of freedom from contributory negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1401; Dec. Dig. § 346.*]

4. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The evidence not being such that reasonable minds would necessarily reach but one conclusion, the question of contributory negligence is for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Appeal from District Court, Grayson County; W. J. Mathis, Judge.

Action by Nellie Sherron against the Texas Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Templeton, Beall & Williams, of Dallas, and Head, Smith, Maxey & Head, of Sherman, for appellant. Randell & Randell, of Sherman, for appellee.

RAINEY, C. J. Appellee was struck and injured by one of appellant's passenger cars at a station called Holt. Appellee sued appellant. The cause was submitted to the jury upon special issues, and, upon the return of the verdict, judgment was rendered for appellee for $4,000, from which this appeal is taken.

Appellee alleged in effect: That she went to the station to take passage on appellant's car. That she crossed the track before the arrival of a car, and, thinking it necessary to return, she started back, and, while using due care, she stumbled and fell on the track in front of said car, and, before she could get out of the way, the car struck her hip, side, and thigh and threw her some 25 feet. She charges negligence in that the premises at said station were out of repair, improperly constructed, rough, and dangerous, etc., which condition caused her to stumble and fall. That in approaching said station said car was negligently operated. That the signal to stop had been given, and it was the duty to slow down said car and have it under full control. That the operatives saw appellee fall on the track and realized her danger and failed to use the means necessary to prevent hurting her.

[1] The jury by its verdict found that the appellant was negligent in failing to use ordinary care to keep and maintain the premises known as Holt Stop in a reasonably safe condition for the use of passengers, etc. Appellant complains that said finding is not based on any evidence, and insists that "negligence cannot be predicated on the isolated fact that an interurban railway permitted the rails of its track to extend two inches above the surface of the road crossing on a country road where it sometimes received and discharged passengers."

The evidence shows that Holt Stop was a place where the railway crossed a public highway. The dirt was thrown up to the track, two guard rails inside of the two track rails, and the track rails extended up about two inches above the dirt. There was no plank up next to the rails to assist in the crossing. There were no approaches to the crossing, except the end of the ties and loose dirt—the common dirt thrown up there. The guard rails extended across the crossing on each side of the track. There were no planks or anything of the kind or any ballast approaching the guard rails. There was no ballast except ordinary dirt, and the approach to the rails was of white rock dug up there, and the slack just like dirt. It is a general mixture, some gravel and some dirt that has been brought there by wagon wheels, all kinds of dirt.

The foregoing evidence shows the condition of said stop, and we think it warranted the jury in finding that the appellant was guilty of negligence in not keeping the premises in proper repair. The place was a public highway crossing, which the law requires to be kept in reasonable repair. While railroads are not required to furnish depots or platforms at flag stations, yet they must use some care to keep them safe for passengers desiring to board and disembark from the train. The care imposed on appellant to keep its station at this place in proper condition was such at least as the law imposes for keeping a public road crossing in repair. Under the evidence, we cannot say the jury were

not justified in finding the appellant negligent on this issue. Railway Co. v. Byas, 12 Tex. Civ. App. 657, 35 S. W. 22; Railway Co. v. Neill, 30 S. W. 369; Eichorn v. Railway Co., 130 Mo. 575, 32 S. W. 993.

[2] Complaint is made of the jury's answer to question No. 15, which was in effect that the negligence of appellant in not having its station in proper condition was the proximate cause of plaintiff's injuries.

The proposition submitted is that "the railway could not reasonably anticipate that, on account of its rails extending two inches above the surface of the ground at a country crossing where it received passengers, a person intending to board its train would attempt to cross its tracks in front of a rapidly moving car and stumble over said rail and be injured, in consequence thereof, by such car."

The general rough, uneven condition, the loose dirt and crushed rock on the ground at the station being such as shown by the evidence, we are not prepared to say the falling of a passenger, as was done by appellee, should not have been reasonably anticipated by appellant.

[3, 4] The jury in effect found that appellee was not guilty of contributory negligence at the time she was struck by the car in attempting to cross the track. This finding is criticised by appellant as not being supported by the evidence.

The evidence shows that appellee and her companion were traveling in a buggy toward the station from the west, intending to take passage on a north-bound car. When they were within 150 feet of the station, the headlight of the car coming from the south was seen. When they were within 50 feet they alighted from the buggy; her companion went hurriedly to the center of the track, struck a match, and signaled the car, and the motorman answered it. Appellee followed her companion on the track, and, after signaling, her companion went back to the west side, and she went to the east side. Seeing that her companion had returned to the west side, she immediately started back to cross the track, but stumbled over the east rail and fell across the track. When she started across the car was about 150 feet away.

We would not be justified in overturning the jury's finding, unless the evidence shows conclusively that the appellee failed to exercise proper care for her safety. The evidence, we think, does not show such a condition. When we consider the circumstances surrounding the occasion (that is, the rough and uneven condition of the ground, the distance of the car at the time, and it being in the nighttime), had she not fallen she would not have been struck by the car and injured. At least the evidence is not such as reasonable minds would necessarily reach but one conclusion. This being the nature of the evidence, it was an issue for the jury's determination, and their verdict will not be disturbed. On the issue of discovered peril the findings were favorable to appellant, and the judgment against it was evidently not based thereon.

There are other assignments of error, all based on the want of sufficient evidence to support the jury's findings. We have carefully considered each one, but find no reversible error, and conclude the evidence is sufficient to support the findings.

The judgment is affirmed.