In his application for leave to file second motion for rehearing, appellant presents no ground therefor which has not heretofore been considered by this court and passed upon, in either its original opinion or opinion on motion for rehearing. The matters presented are merely those that have heretofore been passed on by the court.

The application will be denied.

=====

### GULF, C. & S. F. RY. CO. v. WOODS.
(No. 6961.)

(Court of Civil Appeals of Texas. Austin. April 20, 1926. Rehearing Denied May 12, 1926.)

I. Railroads ⊂⇒303(4)—Railroad, constructing bridge over tracks, held required to maintain approach (Rev. St. 1911, art. 6485).

Where railroad destroyed old bridge and constructed a new one in order to provide proper crossing over its tracks, and built elevated approach to bridge, held, that, under Rev. St. 1911, art. 6485, railroad had duty of maintaining such elevated approach to bridge as part of crossing.

2. Death ⊂⇒99(4)—$15,000 to child for death of parents held not excessive.

Award of $15,000 to minor female child for death of her parents, resulting in loss of nurture, care, education, advice, and counsel of parents, held not excessive.

Appeal from District Court, Lampasas County; Lewis H. Jones, Judge.

Action by Gladys Victoria Woods (Berry) against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, Roy L. Walker, of Lampasas, and Lee, Lomax & Wren, of Fort Worth, for appellant.

P. H. Dougherty, of Temple, and A. L. Curtis, of Belton, for appellee.

BAUGH, J. This is the second appeal of this case. Between the first and second trials of this case the appellee was married to W. E. Berry. A full statement of the facts is found in our opinion on the former appeal in 262 S. W. 229, and it is unnecessary to restate them here. Indeed, the same issues were raised on the second trial as on the first, except that the appellant's issues of contributory negligence, the failure to submit which on the first trial required a reversal of the case, were submitted on the second trial in accordance with our former opinion. And on the second trial to a jury on special issues the jury found against the appellant on all the material issues submitted. The trial court's charge on these issues was substantially, where not identically, the same as on former trial. Appellant's brief discloses that its contentions and the authorities cited in support thereof are substantially the same, and in most instances identically the same, as those set out in its brief on the former appeal, and in its printed argument filed in support of its motion for a rehearing on said appeal.

The only material issues we find raised by the appellant on this appeal which do not appear on the former appeal are as follows:

[1] 1. Based upon our conclusion in our former opinion that the duty of maintaining the bridge in question rested upon the county and not on the railway company, the appellant now insists that the embankment at the point where the hole in the road occurred was a necessary approach to the bridge itself, and under the law a necessary part of the bridge, and that the duty, therefore, rested upon the county to maintain such approach. There is no merit in this. As stated in our former opinion, there appears to have been little or no embankment required as an ap-

proach to the old bridge which spanned the branch prior to and at the time the railway company constructed its road. But in such construction the railway company had built its dump some 10 or 11 feet high at this crossing, and, in restoring the public road there to its former state of usefulness, appellant itself deemed it necessary to construct the approach to the bridge at this point some 10 or 11 feet high. It is manifest, therefore, that such approach to the bridge at such elevation was made directly and immediately necessary by the railway company in order to restore the public road at this point to its former state of usefulness, and provide a proper crossing over its track. We think, therefore, that article 6485, R. S. 1911, imposes upon the railway company the duty of maintaining this high dump as a part of the crossing and which was made necessary by its own voluntary act.

[2] 2. The other issue raised by appellant which was not raised on the former appeal is that the damages awarded by the jury, to wit, $15,000, for the loss of appellee's father and mother, were excessive. The trial court submitted to the jury a proper charge to guide them in arriving at the amount of the damages. It is unnecessary to set it out here. In this charge the jury were confined to the proper limits in assessing the damages sustained by appellee from her loss of the nurture, care, education, advice, and counsel as she probably would have received from her parents. The record discloses that the appellee inherited from her parents very little property capable of producing a revenue; in fact, appellee, in the death of her parents, was in effect deprived of practically all sources of income and financial assistance, because the income of the father was dependent almost entirely upon his own earning capacity and upon his personal services in conducting his filling station and garage. The pecuniary value of the nurture, care, education, advice, and counsel of her parents was a matter for the jury to determine; and the fact that appellee married at the age of 15 years, with her education necessarily limited, to our minds speaks eloquently of the loss she suffered in these respects by reason of the death of her parents. We are of the opinion that the damages are not excessive.

Having fully set forth our views in our former opinion herein on the issues raised in this appeal, we think no good purpose could be served by repeating them here, and deem a more extended discussion of same in this opinion unnecessary.

Finding no error in the record, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

Pursuant to request of appellant in its motion for rehearing, we hereby correct our statement made in our former opinion herein, reported in 262 S. W. 229, that the distance from appellant's right-of-way line to the north end of said bridge along the west side of the public road was 14 feet, and between said line and the end of said bridge measuring down the center of the road was 26 feet, as follows: The correct distances between said points as shown by the evidence on the second trial of said cause, from which this appeal is prosecuted, shows that the distance between said points along the west side of the public road is 22 feet, and down the center of said road is 36 feet, instead of 14 and 26 feet, respectively, as stated in our former opinion.

To this extent said motion is granted. In all other respects the motion is overruled.

Motion granted in part and in part overruled.