GALVESTON, H. & S. A. RY. CO. et al. v. RODRIGUEZ et ux. (No. 682–4587.)

(Commission of Appeals of Texas, Section B. Nov. 24, 1926.)

1. Railroads ⟨Key⟩303(1)—Railroad has duty only of keeping portion of county road within right of way in proper repair (Vernon's Sayles' Ann. Civ. St. 1914, arts. 6485, 6494).

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 6485, 6494, construed together, railroad company has duty only of keeping portion of county road which is on its right of way in proper condition for use of traveling public, precluding any liability for injuries from defects in part of public highway outside of its right of way.

2. Railroads ⟨Key⟩303(1)—Railroad, going beyond right of way to repair highway, is trespasser.

When railroad goes beyond boundaries of its right of way for purpose of repairing road or street, it becomes trespasser.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Manuel Rodriguez and wife against the Galveston, Harrisburg & San Antonio Railway Company and another. Judgment for plaintiffs was affirmed by the Court of

Civil Appeals (281 S. W. 259), and defendants bring error. Reversed and rendered.

Baker, Botts, Parker & Garwood, of Houston, W. B. Teagarden, of San Antonio, and W. Van Sickle, of Alpine, for plaintiffs in error.

Mead & Metcalfe, of Marfa, for defendants in error.

SPEER, J. This suit originated in the district court of Brewster county, and is an action by Manuel Rodriguez and wife, Manuella, to recover damages for personal injuries alleged to have been sustained by the wife through the negligence of the Galveston, Harrisburg & San Antonio Railway Company by the overturning of an automobile in which the wife was riding, at the intersection of the railroad with a public highway. The plaintiffs recovered judgment in the trial court for $10,000, and the same was affirmed in the Court of Civil Appeals. 281 S. W. 259. In the view we take of the case, a decision of a single question involved will be conclusive as to the rights of the parties. The case is a crossing case, and the defendants in error have recovered upon the theory that the statutes require the railway company to construct and maintain proper approaches to its crossing with the public highway, whether such approaches extend beyond the right of way of the railway company or not. The case was submitted upon special issues, but the court gave the following general instruction:

"The word 'crossing,' as applied to the intersection of a public highway and a railroad and as used in our statutes relating to such crossings, means the entire structure, including the necessary approaches, though a part may be outside of the railroad right of way.

"You are instructed that, where a railway company line of railroad crosses a public highway in this state the railway company owes the duty of restoring said public highway so crossed to a reasonably safe and suitable condition, so as not to unnecessarily impair its usefulness and subsequently exercise great care to keep and maintain said crossing in a reasonably safe condition and suitable state of repair, including not only the crossing of the track, but the approaches thereto, whether the approaches extend beyond the right of way of the railway company or not; and the failure to do so would constitute negligence."

The plaintiffs' pleadings sought to recover for defects of construction within the right of way, but the undisputed evidence shows that the injuries were caused from supposed defects in that part of the public highway outside of the railroad right of way where the highway turns to cross the railroad; in other words, what is denominated by defendants in error as the "approach" to the crossing. At the conclusion of the testimony, the railroad company requested a summary instruction in its favor, which was refused.

We will treat the case as though there was no variance between the plaintiffs' allegations and the proof. Article 6485, Vernon's Sayles' Civil Statutes, provides:

"Such corporation shall have the right to construct its road across, along, or upon any stream of water, water course, stream, highway, plank road, turnpike, or canal which the route of said railway shall intersect or touch; but such corporation shall restore the stream, water course, stream, highway, plank road, turnpike, or canal thus intersected or touched to its former state, or to such state as not to unnecessarily impair its usefulness, and shall keep such crossing in repair."

A later enactment (article 6494) provides:

"It shall be the duty of every railroad company in this state to place and keep that portion of its road bed and right of way over or across which any public county road may run, in proper condition for the use of the traveling public; and, in case of its failure to do so for thirty days after written notice given to the section boss of the section where such work or repairs are needed by the overseer of such public road, it shall be liable to a penalty of ten dollars for each and every week such railroad company may fail or neglect to comply with the requirements of this article, recoverable in any court having jurisdiction of the amount involved in a suit in the name of the county in which the cause of action accrued."

[1] It will be observed the article first quoted applies specifically to cases where the railroad constructs its road across, etc., any street, highway, and the like, while the latter article imposes upon the railroad company the duty there defined with respect to any public county road which may run, or be constructed, across the railroad. The article immediately preceding the one last quoted declares:

"Nothing in this chapter shall be so construed as to affect the law requiring railroad companies to provide proper crossings at intersections of all roads and streets."

So that these articles (6485 and 6494) are in no wise in conflict, but both should stand and be construed together. As thus construed, so far as pertinent to the inquiries in the present case, they clearly mean that it was the duty of plaintiff in error to place and keep that portion of its roadbed and right of way, over and across which the public county road ran, in proper condition for the use of the traveling public. This is true whether, at the particular place of the accident, the railroad was built across the highway or the highway was built across the railroad. Furthermore, it is apparent from the two articles that it was the duty of the railroad company to construct the crossing at such intersection in such way as not to unnecessarily impair its usefulness and to keep such crossing in repair, and this too without regard to when the respective lines of road were built. Gulf, etc., Ry. Co. v. Milam County, 90 Tex. 355, 38 S. W. 747. It will be

observed, in the case of an existing county road or street, the railroad company is required to restore the same to its former state or to such state as not to unnecessarily impair its usefulness, and, in case the county road runs over and across the railroad, then to place and keep the same "in proper condition for the use of the traveling public." The substance of the requirement in each case is identical; that is, the duty rests upon the railroad company at any public crossing, first, to construct the crossing, and, second, to maintain it in proper condition for the use of the traveling public. Nothing is said about "approaches," and the "crossing" is nowhere defined other than as herein shown. But there is no ambiguity in the statute, and its meaning is clear that the railroad company must do everything necessary to place and keep that portion of its roadbed and right of way over or across which the public highway may run in proper condition for the use of the traveling public. This necessarily includes approaches, if by that term is meant that portion of the highway immediately adjacent to the rails of the railroad, but otherwise if by the expression is meant that part of the highway outside the right of way immediately adjacent thereto.

The beneficent purpose of the statute enacted in the interest of the traveling public is to restore, in a case of a highway crossed by the railroad, and to construct in all others, the crossing in such way as to leave the highway in proper condition for the use of the traveling public. The very purpose of the law and the language in which it is couched evidences an intention that the activities of the railroad company should be confined within the lines of its right of way. In the first instance, where it destroys a highway by crossing it, it is required to "restore" it. Of course its destruction could not lawfully extend beyond its right of way, nor is its restoration required to go further. In the next place, by the latter statute, its duties with respect to crossing are limited to "that portion of its roadbed and right of way over or across which any public county road may run." When one considers the nature of the rights and duties of railroad companies, the statute is not strangely worded. As a corporation, the railroad company has the right to the use of its right of way for railroad purposes, but certainly this right does not extend either to the taking or damaging of adjacent property. It is liable in damages if it either takes or damages such property. The railroads are a public necessity, but the public highways are likewise a public necessity. It is a just requirement that the statutes have imposed upon the railroad companies the duty of constructing and maintaining crossings.

While the primary purpose of article 6494 was to make clear that the duties of railroad companies imposed by article 6485 extended to highways established after the railroad was constructed, as well as to those established before, yet it also evidences a legislative interpretation of those duties as being confined to construction and maintenance within the company's right of way.

It must also be borne in mind that the public county roads and the public streets are under the exclusive control of the proper county and municipal officers. The railroad companies have no authority whatever over such roads and streets, further than as they lie within their right of way. It is peculiarly the province of the proper county or municipal authorities, as the case may be, to establish the location, grade, and the like, of county roads or streets, and, when thus established across a railroad, it is the duty of the railroad to reconstruct its road, if necessary, in order to conform to the grade thus established, so "as not to unnecessarily impair its usefulness." H. & T. C. R. R. Co. v. City of Dallas, 98 Tex. 396, 84 S. W. 648, 70 L. R. A. 850. This is an incident to the franchise accepted by the company.

[2] It was never contemplated by the lawmakers that railroad companies, in constructing crossings, should enter upon the highway or street outside its right of way and change the grade of such road or street either by filling or lowering, in order to accommodate the highway to its track. This would be to clothe the railroad company with a power which has been specially lodged elsewhere; that is, the control over the construction of county roads and public streets. When a railroad company goes beyond the boundaries of its right of way for the purpose of repairing a road or street, it becomes a trespasser (Neely v. Fort Worth, etc., Co., 96 Tex. 274, 72 S. W. 159), and, if the Legislature had clearly imposed such duty, it would be of questionable validity, but the Legislature has made no such attempt. There is nothing in any of the statutes defining the rights and duties of railroad companies that is capable of such interpretation. It is the duty of railroad companies to conform their road and right of way at public crossings with the grade of such road or highway as established by the proper authorities. It is not its right or privilege to conform those grades to the accommodation of its crossings. See Gulf, etc., Ry. Co. v. Greenlee, 62 Tex. 344; Gulf, etc., Ry. Co. v. Woods, 262 S. W. 229, a decision by the Court of Civil Appeals for the Third District, and some outside authorities are cited in support of the holding of the Court of Civil Appeals. The statutes upon which the outside cases are based are not before us, and all the decisions thus cited are so much at variance with the evident purpose of our statutes that we cannot approve them.

We are not considering a case where the railroad company has actually gone outside its right of way and done something that endangers travel on a public highway and is

sued in consequence. Liability in that case is not predicated upon the statute, but upon familiar principles of negligence not peculiar to railroads.

It being undisputed that the acts relied upon as negligence in this case concerned the construction and maintenance of the public highway at a point outside the railroad company's right of way, the trial court should have instructed a verdict for the defendant as requested.

We accordingly therefore recommend that the judgments of both courts be reversed, and judgment be here rendered for plaintiff in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiffs in error.