### GULF, C. & S. F. RY. CO. v. WOODS.
(No. 731–4664.)

(Commission of Appeals of Texas, Section B.
Feb. 2, 1927.)

1. **Railroads** ⬪⟆303(1)—**Railroad held not liable for accident to automobilist on approach to "crossing" outside of right of way (Rev. St. 1925, arts. 10, 6319, 6320, 6327).**

Where railroad had completed its agreement to construct approach to railroad crossing, and from lack of maintenance a hole appeared in the approach, and the defective portion of the road was outside of the railroad's right of way, *held*, that railroad was not liable for fatal accident to automobilists alleged to have been caused by such hole, in view of Rev. St. 1925, arts. 6319, 6320, 6327, which require railroad to keep crossing in repair; the word "crossing" as used therein meaning that part of the public highway from one side of the right of way of the railroad to the other in view of article 10.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Crossing.]

2. **Statutes** ⬪⟆205—**Statute is to be construed as a whole.**

Legislative intention is to be deduced from a view of the whole statute and of its every material part.

3. **Statutes** ⬪⟆225—**Statutes in pari materia should be construed together.**

Courts should construe statutes in pari materia as a whole and not separately.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Gladys Victoria Woods (Berry) against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (283 S. W. 859), and defendant brings error. Reversed and rendered.

Terry, Cavin & Mills, of Galveston, Roy L. Walker, of Lampasas, and Lee, Lomax & Wren, of Fort Worth, for plaintiff in error.

P. H. Daugherty, of Temple, and A. L. Curtis, of Belton, for defendant in error.

SHORT, J. The Court of Civil Appeals in this case wrote two opinions, the case having been appealed twice. The first opinion states the facts fully. 262 S. W. 229. The second opinion is reported in 283 S. W. 859. The defendant in error, Gladys Victoria Woods, who has since intermarried with one Berry, brought this suit against the plaintiff in error to recover damages for the death of her father and mother occurring on December 31, 1922, in consequence of the automobile in which her parents were riding running off the county road bridge adjacent to the line of railway of the plaintiff in error. This part of the county road and the bridge, though off of the right of way of the plaintiff in error, was built by the railway company about 1902 under agreement with the commissioners' court of Lampasas county in contemplation of a change in the county road and the necessary rebuilding of a bridge across the creek at that point in order to facilitate the original construction of the railway line in the town of Lampasas. For a defect in the public road at the north end of the county bridge due to lack of maintenance, which defect was alleged to have been the proximate cause of the accident, plaintiff in error was alleged to have been responsible, and upon a trial before a jury the defendant in error was given a judgment against the plaintiff in error for the sum of $15,000. The case is here by the usual method, and has been referred to this section of the commission for disposition.

[1] The plaintiff in error has assigned many errors alleged to have been committed by the Court of Civil Appeals in its affirmance of the judgment rendered by the district court, but in view of the disposition we have concluded to make of the case, it will not be necessary to discuss any question presented except one involving the construction of articles 6319, 6320, and 6327 of the Revised Statutes of 1925, being numbers 6484, 6485, and 6494 of the Revised Statutes of 1911. It will be noted that these same statutes are discussed in the opinions of the Court of Civil Appeals under different numbering. Article 6319, which was formerly article 6484, provides that a railroad corporation shall have the right to lay out its road, not exceeding 200 feet in width, and to construct the same.

Article 6320 provides that a railroad corporation shall have the right to construct its road across, along, or upon any highway when the route of said railway shall intersect or touch the same, but that such railway corporation shall restore the high-

way thus intersected or touched to its former state, or to such state as not to unnecessarily impair its usefulness, and shall keep such crossing in repair.

Article 6327, formerly article 6494, provides that every railway company in this state shall place and keep that portion of its roadbed and right of way over or across which any public county road may run in proper condition for the use of the traveling public.

The word "crossing" may be defined as follows:

"Intersection; as the crossing of parts in latticework. The place at which a road is or may be crossed or passed over, as the crossing of streets. Grade crossing, a place at which a country road crosses a railroad on the same level." Century Dictionary.

By express statutory enactment in this state it is required that:

"The ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject-matter, when they shall have the signification attached to them by experts in such art or trade, with reference to such subject-matter." Article 10, Statutes of 1925.

The first assignment of error and which we sustain is that the Court of Civil Appeals erred in approving the action of the trial court in refusing a peremptory instruction in favor of the plaintiff in error; since it is an uncontroverted fact that the defect in the public road at the north end of the bridge, by reason of which the accident occurred, was not on the right of way of the plaintiff in error, but was off of said right of way, and, furthermore, that this defect did not arise on account of the construction of the public road, but was due to lack of maintenance in proper condition after the road had been properly constructed. It may be said in passing that this particular part of the public road, as well as the bridge near the end of which the accident occurred, had been constructed by the plaintiff in error in the year 1902 by the permission and under the authority of the commissioners' court of Lampasas county, and that after the grade had been built and the approaches thereto had been constructed, the commissioners' court of Lampasas county accepted said work as having been built in accordance with the agreement, this acceptance being duly evidenced by a written order of the court in the year 1904.

The trial court, among other things, instructed the jury that the necessary approaches to a railway crossing constitute a part of the crossing within the meaning of the law, the effect of which was to make the plaintiff in error responsible for the defect in the public road near the bridge, since in the construction of the railway and the restoration of the road so as to make it practicable as a crossing over the railway, an embankment had been built leading up to the right of way and properly an approach to the railway crossing. In fact, the jury found such to be the case. That is to say, that the portion of the public road and embankment north of the bridge crossing Gibson creek leading to the tracks of the railway company where the hole existed constituted a part of the crossing of the railway. Had this instruction been correct, with this finding of the jury, the liability of the plaintiff in error would have been established.

When a railway is laid across the public highway, the word "crossing" as used in the statutes heretofore quoted means that part of the public highway from the point where it touches the property line of the railway company on one side until it passes over and beyond the railway company's property line on the opposite side of the track.

[2, 3] Articles 6319 and 6327 of the Revised Statutes of 1925 should be construed together. Article 6319 gives the railway corporation the right to lay out its roadbed not exceeding 200 feet in width; while article 6327 requires the railway company to place and keep that portion of its roadbed and right of way across which any public road may run in proper condition for the use of the traveling public. It is a fundamental rule of statutory construction that not only should the intention of the lawmaker be deduced from a view of the whole statute and of its every material part, but statutes in pari materia should be construed together. The object of the rule is to ascertain and carry into effect the intention of the Legislature, and it proceeds upon the supposition that the several statutes relating to one subject are governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions. 25 R. C. L. § 285, p. 1060. Cannon v. Vaughan, 12 Tex. 399; Simmons v. Arnin, 110 Tex. 309, 220 S. W. 66; Alexander v. Alexandria, 5 Cranch, 1, 3 L. Ed. 19. St. Louis Southwestern Ry. Co. v. Byas, 12 Tex. Civ. App. 657, 35 S. W. 22.

In the case of G., H. & S. A. Ry. Co. et al. v. Manuel Rodriguez and Wife, the opinion in which was written by Judge Speer, of this section of the Commission and approved by the Supreme Court, which opinion is reported in 288 S. W. 151, this identical question was decided under a similar state of facts, it being a crossing case and the defendants in error having recovered upon the theory that the statutes require the railway company to construct and maintain proper approaches to the crossing of the public road whether such approaches extend beyond the right of way of the railway company or not. In that case it is held that such recovery could not be maintained where the facts show that the injuries for which damages were sought were the result of conditions existing on the out-

side of the right of way of the railway company.

Since the undisputed evidence shows that the injuries were caused from defects in that part of the public highway outside of the railroad right of way, and that such defect in such public highway resulted from the failure to properly maintain the public highway in a suitable condition for the safety of the traveling public, for which the railway company was in nowise responsible, we recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and that judgment be rendered that the defendant in error take nothing and that the plaintiff in error recover all costs incurred in this behalf in all the courts.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.