300

James J. SHELTON and Carl E. Dickerson and wife, Betty Dickerson, individually and as next friend for their minor children, Shirley Ann Dickerson and Danny Dickerson, Appellants,

v.

PANHANDLE & SANTA FE RAILWAY COMPANY, a Corporation, Appellee.

No. 6462.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 24, 1955.

Rehearing Denied Feb. 21, 1955.

Allred & Bowers, Lubbock, for appellants.

McWhorter, Howard, Cobb & Johnson, Lubbock, Lewis Jeffrey, Amarillo, for appellee.

MARTIN, Justice.

Since this appeal involves solely an issue as to the sufficiency of appellants' petition to state a cause of action, the parties to this appeal will be designated as plaintiffs and defendant as stated in the petition.

Plaintiffs' petition reveals that they were driving south on Farm to Market Road No. 400 and crossed over the intersecting railroad right-of-way of the defendant and into and upon U.S. Highway 62–82 which likewise intersected Farm to Market Road No. 400. While crossing U.S. Highway 62–82, plaintiffs' automobile was involved in a collision with an east bound automobile on said Highway 62–82 which resulted in the injuries and damages revealed by plaintiffs' petition. The pleadings necessary to a determination of the issue as to whether the petition stated a cause of action will be detailed in conjunction with the rulings thereon.

Plaintiffs' petition as to the details of the collision reveals the following: (1) U.S. Highway 62–82 runs east and west and the right-of-way is south of, parallel with, and contiguous to defendant's right-of-way upon which its railroad track is located, the north line of the highway right-of-way being the same line as the south line

of the railroad right-of-way. (2) The right-of-way of Highway 62–82 is 100 feet wide and the paved portion thereof is 20 feet wide. (3) The railroad right-of-way is 100 feet wide and the north line of the right-of-way of Highway 62–82 is 45 feet south of the south rail of defendant's track. (4) Farm to Market Road No. 400 runs north and south and intersects both the railroad right-of-way and Highway 62–82. It forms a crossing over defendant's right-of-way 50 feet wide with a black top pavement in the center thereof 20 feet wide. With reference to the above pleadings and pertinent thereto, the petition alleges that defendant elevated its track above the surface of Highway 62–82 which "obscured Highway 62–82" to southbound traffic on Farm to Market Road No. 400 "until one approached within approximately *50 yards of the north line of railroad right-of-way*". (Emphasis added.) Plaintiff's automobile collided with an automobile going east and in the south lane of the paved portion of Highway 62–82.

An examination of the above detailed facts taken from plaintiffs' pleading reveals that plaintiffs traveled 300 feet before reaching the center line of the pavement of Highway 62–82 without any condition of obscureness being present. Therefore, even if Highway 62–82 was obscured at any time by the elevation of defendant's railroad track, the plaintiffs' pleadings reveal that Highway 62–82, just prior to the collision, were clearly within the view of the plaintiffs for a distance of 300 feet. The view was clear and the time was about 2:40 P.M. on the first day of September. Therefore, the principle contention by plaintiffs as to defendant negligently obscuring Highway 62–82 by the elevation of its tracks is not sustained by an examination of the allegations in plaintiffs' petition.

A further examination of plaintiffs' petition reveals the petition does not allege that defendant failed to conform its railroad right-of-way to Farm to Market Road No. 400 at the point of intersection of the railroad and the farm to market road. This is the intersection where the defendant was

required to conform its right-of-way with that of Farm to Market Road No. 400 under the provisions of Article 6320 and 6327. Since plaintiffs' petition reveals that the defendant had conformed its right-of-way to Farm to Market Road No. 400 and the petition further states that such right-of-way was not conformed to the right-of-way of U.S. Highway 62–82, it is readily apparent that the elevation of Farm to Market Road No. 400 is not the same as that of U.S. Highway 62–82. Therefore, it is apparent that had defendant conformed its right-of-way to Highway 62–82, it would thereby have been in direct violation of Article 6320 and 6327 requiring defendant to conform its right-of-way with Farm to Market Road No. 400 at the point of their intersection.

■ Plaintiffs' petition further complains that defendant was negligent in erecting cross-arm signs on its right-of-way where its road bed and track cross Farm to Market Road No. 400 in that such signs did attract plaintiffs' attention to the railroad and thereby caused them to fail to observe U.S. Highway 62–82 lying beyond the railroad. This allegation of the petition constitutes no more than a statement that the defendant was negligent in complying with Article 6370 requiring the defendant to erect the signs as complained of. Negligence cannot be predicated on defendant's compliance with the requirements of the law.

Plaintiffs also charged the defendant with being negligent in not erecting upon its right-of-way signs warning the plaintiffs of the presence and location of Highway 62–82 south of defendant's railroad track. The duty to erect these signs rested upon state and county authorities and not upon defendant railroad. In fact, defendant is prohibited by law from erecting such signs. Vernon's Annotated Civil Statutes, Article 6701d, Sections 27–9(b), 29, 30(b), 31, 36(a) and 36(b); Penal Code, Article 827a, Sections 11, 13, 14 and 15.

■ Plaintiffs apparently seek to allege that all of the conditions complained of, as

hereinabove shown, constitute negligence on the part of defendant or had the effect of making the crossing formed by the intersection of Highway 62–82 and Farm to Market Road No. 400, an extrahazardous crossing. The allegations of plaintiffs' petition placed no liability on the defendant whose duties are wholly with respect to conditions within the boundary of its right-of-way. Galveston, H. & S. A. Ry. Co. v. Rodriguez, Tex.Com.App., 288 S.W. 151; City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954, 159 A.L.R. 125; Gulf, C. & S. F. Ry. Co. v. Woods, Tex.Com.App., 290 S.W. 729; Hays v. Texarkana & Ft. Smith Ry. Co., Tex.Civ.App., 87 S.W.2d 1106.

In conclusion, it is further apparent from plaintiffs' petition that the same precludes any recovery by plaintiffs as to their alleged cause of action by reason of allegations therein revealing that the driver of the automobile was guilty of negligence per se. The petition alleges that Highway 62–82 was within plaintiffs' view for a distance of 300 feet. The petition further alleges that the automobile occupied by plaintiffs was being driven at a cautious and reasonable rate of speed. The petition reveals that the collision of plaintiffs' automobile was with an automobile driven east on said Highway 62–82. It is therefore apparent from the petition that the driver of plaintiffs' automobile did not yield the right-of-way as required by Article 6701d, Section 71(b), Vernon's Texas Civil Statutes, "when two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right". Under such allegations in the petition, the driver of the automobile was negligent per se and such negligence was the sole proximate cause of the collision resulting in damage to all the plaintiffs.

An examination of the petition filed by plaintiffs in this cause of action reveals that every single duty and obligation as imposed upon the defendant had been fully complied with. Defendant could not be negligent other than by failure to comply with some duty imposed upon it. The petition does not state a cause of action and the trial court correctly dismissed plaintiffs' suit on plaintiffs having declined to amend their petition. The judgment of the trial court is affirmed.